## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 96-150 (JRT/AJB) |
| Plaintiff, | |
| v. | **ORDER** |
| ARTHUR SCHULER ROSS, | |
| Defendant. | |

Mary L. Trippler, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Arthur Schuyler Ross, 585 Medford Drive, South Elgin, IL 60177, defendant *pro se*.

In 1997, defendant Arthur Schuler Ross was convicted of 33 counts of wire fraud and money laundering, and was ordered to pay special assessments of $2,250 and restitution of $2,727,231.[1]  Ross has paid his special assessments, and has had a total of $105,551.15 credited toward restitution.  Ross's most recent payment was made in August 2005.

---

[1] The case has a lengthy procedural history, which the Court will summarize here. Ross was initially sentenced to 87 months in prison. After an appeal to the Eighth Circuit, the case was remanded for resentencing, and the Court issued a new sentence of 121 months in prison. Ross subsequently filed a direct appeal and a habeas petition pursuant to 28 U.S.C. § 2255, both of which were denied. Ross then sought a certificate of appealability that was also denied by this Court and the Eighth Circuit. Ross then filed a motion for rehearing en banc with the Eighth Circuit and a Petition for Writ of Certiorari with the United States Supreme Court, which were also denied. Ross subsequently filed a Petition for Writ of Coram Nobis for resentencing in light of *Blakely*, which the Court also denied.

On August 12, 2005, the prosecution served financial discovery on Ross to determine whether he is able to pay his restitution debt. The discovery requests consist of interrogatories and requests for the production of documents regarding Ross's financial situation, including whether he is employed, as well as his assets and liabilities. Ross moves to quash the discovery requests. For the following reasons, the Court denies the motion.

## ANALYSIS

Ross argues that the discovery should be quashed because it constitutes "unwarranted harassment" in violation of his rights under the Fifth and Eighth Amendments. Specifically, Ross asserts that he has already provided financial information to his probation officer, and that he is unable to produce all the records requested because the prosecution seized his financial documents when he was arrested in 1996. Ross also asserts that he should not be required to respond to the financial discovery because he had *in forma pauperis* ("IFP") status at the time of his trial.

The Court will construe Ross's motion to quash as a motion for a protective order. Generally, the Court may, for good cause shown, issue a protective order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense . . . ." *See* Fed. R. Civ. P. 26(c). The party seeking such an order bears the burden of showing good cause through specific facts. *See Wendt v. Walden Univ., Inc.*, 1996 WL 84668 (D. Minn. Jan. 16, 1996). (citing *Rolscreen v. Pella Products of St. Louis, Inc.*, 145 F.R.D. 92, 96 (S.D. Iowa 1992)). Conclusory or speculative statements regarding the need for a protective order are insufficient to show "good cause." *Id.*

The Court finds that Ross has failed to show good cause warranting a protective order.  The discovery requests served upon Ross seek detailed information regarding his financial situation.  This information is highly relevant to a determination of whether Ross is presently able to pay his restitution debt.  The fact that Ross may have already provided some of this information to his probation officer in the past, or the fact that he was granted IFP status at the time of his trial in 1996, does not obviate the need for information regarding his current financial situation.  Moreover, the Court notes that Ross has failed to make even a good faith attempt to respond to the discovery requests, and his blanket motion to quash fails to identify any particular information or documents he would be unable to produce.[2]  Therefore, the Court denies Ross's motion.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Quash Interrogatories and Request for Documents [Docket No. 512] is **DENIED**;

2. Defendant's Motion to Vacate [Docket No. 511] is **DENIED**.

DATED: July 25, 2006
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge

---

[2] The Court notes that Ross has also filed a motion to vacate the restitution order, arguing that he is presently unable to pay restitution.  *See* Docket No. 511.  Because the parties are engaged in discovery to determine whether Ross is, in fact, unable to pay restitution, the Court denies Ross's motion to vacate at this time.